IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ORTIZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAMPING WORLD RV ) <br> SALES, LLC, et al., ) <br> ) <br> Defendants. ) | Case No. CIV-24-01096-PRW |

# ORDER

Before the Court are Defendants' Opening Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* and Brief in Support, or in the Alternative Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) and Brief in Support (Dkt. 3); Plaintiff's Response (Dkt. 6); and Defendants' Reply (Dkt. 7). For the reasons discussed below, the Court **GRANTS** the Motion to Transfer (Dkt. 3).

## *Background*

This is a breach of warranty claim involving a travel trailer. In October 2023, Ortiz purchased a 2022 Pinnacle 36 SSWS Fifth Wheel (manufactured by Defendant Jayco, Inc.) through Defendant Camping World, RV Sales, LLC, an authorized Jayco dealer. Ortiz alleges that Defendants failed to properly repair the travel trailer, in breach of the Defendants' express warranty. On September 30, 2024, Ortiz brought suit in the District Court of Oklahoma County, alleging that Defendants violated the Magnuson-Moss Warranty Act. Defendants timely removed the action on October 21, 2024, asserting

1

federal question jurisdiction. Defendants move to dismiss the Complaint, arguing that this Court is an improper venue under the terms of the express limited warranty.

### *Legal Standard*

Federal law provides two means for enforcing a valid, mandatory forum-selection clause. Where the forum-selection clause selects another federal district court as the appropriate venue, a party may seek to enforce the clause through a motion to transfer pursuant to 28 U.S.C. § 1404(a).[1] But where the forum-selection clause selects a state court, "the appropriate way to enforce a forum-selection clause . . . is through the doctrine of *forum non conveniens*."[2] The difference is the remedy (i.e., transfer vs. dismissal), as courts are to "evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."[3]

"In the typical case not involving a forum-selection clause," a district court considering a *forum non conveniens* motion "must evaluate both the convenience of the parties and various public-interest considerations."[4] In practice, that means that "the district court would weigh the relevant factors and decide whether, on balance, a [dismissal] would serve 'the convenience of parties and witnesses' and otherwise promote

---

[1] *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).
[2] *Id.* at 60.
[3] *Id.* at 61 (citation omitted).
[4] *Id.* at 62–63 (footnote omitted).

'the interest of justice.'"[5] An important aspect of that analysis is that the court must "give some weight" to the plaintiff's choice of forum.[6]

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"[7] In that instance, where the clause covers the claims at issue, the clause should "be 'given controlling weight in all but the most exceptional cases.'"[8] This means that "the plaintiff's choice of forum merits no weight," and "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing" that dismissal in favor of litigating the dispute in "the forum for which the parties bargained is unwarranted."[9] In attempting to carry its burden, the plaintiff may not rely on "arguments about the parties' private interests" because "whatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting."[10] Instead, the plaintiff may rely on "public-interest factors only."[11] And because those factors

---

[5] *Id.* (quoting 28 U.S.C. § 1404(a)).

[6] *Id*. at 62 n.6 (citation omitted).

[7] *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 31 (1988)).

[8] *Id.* at 59–60 (quoting *Stewart Org.,* 487 U.S. at 33 (Kennedy, J., concurring)).

[9] *Id.* at 63.

[10] *Id.* at 64 (cleaned up) (quoting *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 17–18 (1972)).

[11] *Id.* (citation omitted).

"will rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases," which "will not be common."[12]

### *Analysis*

Defendants attached to the Motion the Warranty Registration and Customer Delivery Form, executed by both parties, in which Ortiz "certif[ied]" that he had "received, read, and underst[ood] the Limited Warranty applicable to this product prior to purchase" and that he "underst[ood] the terms thereof[.]"[13] This provision is referenced directly above the signature line.[14] Defendants also attach the Limited Warranty in the Owner's Manual, which provides as follows:

> **ACCEPTANCE OF WARRANTY**
> When you request or accept the performance of repairs under the terms of this Limited Warranty, you are confirming the acceptance of all terms of this Limited Warranty, including, by way of example, warranty limitations and disclaimers, the forum selection clause and the clause reducing the time period within which suit must be filed for breach.
>
> **LEGAL REMEDIES**
> **EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR OTHERWISE RELATING TO YOUR PURCHASE OR OWNERSHIP OF THE RV MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDNACE WITH THE LAWS OF THE STATE OF INDIANA.**[15]

---

[12] *Id.*

[13] Defs.' Mot. (Dkt. 3-2), at 1.

[14] *Id.*

[15] Defs.' Mot. (Dkt. 3-1), at 2.

Defendants argue that the forum-selection clause limits the proper forum to the Indiana state courts. Ortiz argues that both the forum-selection clause and the choice-of-law clause are unconscionable.

I.     **Federal law governs the forum-selection clause's interpretation.**

In response to Defendants' § 1404(a) motion, Plaintiff argues that the forum-selection clause is unconscionable under Oklahoma law and should not be enforced. Defendants sidestep the Oklahoma unconscionability issue altogether, instead arguing that the Indiana doctrine of "direct benefits estoppel" (which disallows parties from accepting benefits under an agreement while at the same time repudiating its obligations) subjects Ortiz to the forum-selection clause.[16] Notably, Oklahoma has not adopted this theory.[17]

Before considering the enforceability of the forum-selection clause, the Court must determine what law controls. Federal law "governs the [d]istrict [c]ourt's decision whether to give effect to the parties' forum-selection clause[.]"[18] But "when a contract 'has both choice-of-law and forum-selection provisions, the forum-selection provision must ordinarily be interpreted under the law chosen by the parties.'"[19] However, here, Plaintiff

---

[16] Defs.' Reply (Dkt. 7), at 2–3 (citing *Williams v. Riverside Cmty. Corr. Corp.*, 846 N.E.2d 738, 751 (Ind. Ct. App. 2006)).

[17] *See Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1306 (10th Cir. 2017); *Burgess v. Johnson*, No. 19-CV-00232-GKF-JFJ, 2019 WL 11585415, at *4 (N.D. Okla. Oct. 23, 2019), aff'd, 835 F. App'x 330 (10th Cir. 2020).

[18] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) (footnote omitted).

[19] *Howes v. N.M. Dep't of Health*, No. 22-2052, 2025 WL 326074, at *4 (10th Cir. Jan. 29, 2025) (quoting *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 421 (10th Cir. 2006)); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 673 n.13 (10th Cir. 2020).

also argues that the choice-of-law provision is unconscionable.[20] Yet the Plaintiff does not explain why Oklahoma law—not federal law—would apply in Indiana law's place. Regardless of whether the Court applies Oklahoma or federal law, the outcome here remains the same as both bodies of law are substantially similar with respect to forum-selection clauses.[21] And because the Court rules in Defendants' favor (the party requesting the application of Indiana law) it need not consider the effect of Indiana law.

## II. The forum-selection clause is enforceable, and transfer is in the interest of justice.

Under federal law, forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."[22] Plaintiff introduces three reasons why the clause should not be enforced. First, that Plaintiff was deprived of meaningful choice and lacked bargaining power because "he was pressed to execute the transactional documents to assure financing [and] that he lives 165 miles from the dealership[.]"[23] Second, that cases in the Western District of Oklahoma move faster than cases in the Northern District of Indiana. Third, Plaintiff argues that if the forum-selection clause is enforced, then it cannot seek relief under 15

---

[20] Because the Court's task under § 1404(a) is limited to determining whether transfer is warranted, this Court will only analyze the enforceability of the forum-selection clause, leaving the question of the choice-of-law clause's unconscionability to the receiving court.

[21] *Atkin v. Wilson*, No. CIV-24-00670-PRW, 2025 WL 849198, at *2 (W.D. Okla. Mar. 18, 2025).

[22] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

[23] Plf.'s Resp. (Dkt. 6), at 8.

O.S. § 901, which obligates an Oklahoma motor vehicle warrantor to refund the purchase price if they fail to correct certain defects.

Plaintiff's first argument fails to explain how under federal law the forum-selection clause is unreasonable due to unconscionability. Instead, Plaintiff cites exclusively Oklahoma case law regarding unconscionability. And none of the Oklahoma case law Plaintiff cites discusses unconscionability in the context of forum-selection clauses. When looking at federal law, "the Tenth Circuit requires that a party seeking to avoid a forum selection clause . . . produce evidence of fraud or coercion."[24] And the Supreme Court has rejected the notion that the parties must specifically negotiate a forum-selection clause for it to be enforceable.[25] Plaintiff has not met their burden to show that the bargaining process was the product of full-blown coercion or fraud.

Plaintiff's second argument is easily dismissed because it is predominantly a private interest and has little to do with the interests of justice. As previously stated, Plaintiff cannot rely on private interests.[26]

Finally, the Plaintiff's third argument also fails because transfer does not deprive Plaintiff of a remedy under law or his day in court.[27] Plaintiff's "cause of action for

---

[24] *Juaire v. T-Mobile West, LLC*, No. CIV 12-1284, 2013 WL 6504326, at *11 (D.N.M. Oct. 31, 2013) (citing *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 960 (10th Cir. 1992)).

[25] *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991).

[26] *Atl. Marine*, 571 U.S. at 63.

[27] *Beverley v. Jayco, Inc.*, No. 1:23-cv-00814, 2024 WL 55478, at *3 (E.D.V.A. Jan. 4, 2024) (addressing the same Limited Warranty from Defendants).

violations of the federal Magnuson-Moss Warranty Act will survive even after transfer to the Northern District of Indiana."[28] If Plaintiff's Magnuson-Moss Warranty Act claim succeeds, Plaintiff may recover damages or other legal and equitable relief, encompassing the same type of relief permitted by § 901.[29]

For the above reasons, the Court finds that the forum-selection clause is valid and reasonable. Since the forum-selection clause is reasonable, it should be enforced because "[e]nforcing valid forum-selection clauses protects the parties' 'legitimate expectations' and 'furthers viral interests of the justice system.'"[30] The Court finds that these interests are not outweighed by any persuasive public policy considerations.

### III.  The appropriate remedy is transfer, not dismissal.

Defendants argue that the forum-selection clause requires the case to be filed in Indiana state court, thus making dismissal, rather than transfer, proper. But Defendants do not explain why this Court should read the forum-selection clause as to require Indiana state court as opposed to federal court. The language of the forum-selection clause merely states that claims should "be filed in the courts *within* the state of Indiana," not in the courts *of* the state.[31] The text of the forum-selection clause encompasses both Indiana state courts and federal courts in Indiana.

---

[28] *Id.*

[29] 15 U.S.C. § 2310(d).

[30] *Schroll v. Dnsfilter, Inc.*, No. 24-cv-01895-CNS-STV, 2024 WL 5356884, at *1 (D. Colo. Dec. 9, 2024) (quoting *Stewart Org., Inc.*, 487 U.S. at 31.)

[31] *Compare Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 925–26 (10th Cir. 2005) (holding that the phrase "Courts of the State of Colorado" only includes

The Court has discretion between choosing to transfer or dismiss for improper forum, however "generally it is preferred to transfer the case rather than dismissing it altogether."[32] Considering Defendants removed the case to federal court in the first place, transfer to the United States District Court for the Northern District of Indiana best serves the interests of justice. The Court sees no reason to dismiss the case instead of transfer it.

### *Conclusion*

Accordingly, the Court **GRANTS** the Motion to Transfer (Dkt. 3) and **TRANSFERS** the case to the United States District Court for the Northern District of Indiana.

**IT IS SO ORDERED** this 22nd day of September 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

state courts), *with Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (holding that the phrase "in courts in the State of Ohio" also include federal courts within Ohio).

[32] *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. Sept. 18, 2001) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026–27 (2d Cir. 1993)).